UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RALPH MASCIARI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 1:19-cv-10066-IT |
| | * | |
| TOWN OF BELMONT and | * | |
| MATTHEW BENOIT, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

November 10, 2020

TALWANI, D.J.

Plaintiff Ralph Masciari brought this action against the Town of Belmont ("Belmont") and Belmont Police Officer Matthew Benoit, alleging that he was assaulted during an arrest in violation of 42 U.S.C. § 1983 and state law. Presently before the court is Defendants' Motion for Summary Judgment [#26]. In response, Plaintiff conceded judgment on all but two of his seven claims. For the following reasons, Defendants' motion is GRANTED as to the conceded claims and DENIED as to the remaining two claims.

I.   **Procedural Background**

Plaintiff filed his complaint in state court, asserting seven claims: negligence against Belmont (Count I) and Officer Benoit (Count II); violation of the Fourth Amendment, brought pursuant to 42 U.S.C. § 1983, against Officer Benoit (Count III); violation of the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11, against Officer Benoit (Count IV); negligent infliction of emotional distress against Officer Benoit (Count V) and Belmont (Count VI); and intentional infliction of emotional distress against Officer Benoit (Count VII). Defendants removed the case to federal court pursuant to 28 U.S.C. § 1331 and, after discovery, moved for

summary judgment on all counts. Defendants did not submit a statement of undisputed material facts as required by Local Rule 56.1[1] and offered no evidence in support of the motion except a brief excerpt of the transcript of Plaintiff's deposition.

In response, Plaintiff stated that he does not oppose summary judgment as to Counts I, II, IV, V, and VI. Pl's Opp'n to Mot. for Summary Judgment ("Pl's Opp'n") 1 [#31]. Plaintiff opposed summary judgment as to Counts III and VII and submitted his Rule 56.1 Statement of Material Facts of Record as to Which There Exists a Genuine Issue to be Tried [#32], along with Plaintiff's Answers to Defendants' First Set of Interrogatories ("Pl's Interrogs.") [#32-1]. Defendants filed no reply.

## II. Factual Background as Set Forth in the Summary Judgment Record

On October 15, 2015, Plaintiff, a 68-year-old man, was taking his physician-prescribed walk around Maple Street Park in Belmont when he stopped to sit down on a bench. Pl's Interrogs. ¶¶ 1, 3 [#32-1]. He carried a small stick with which to fend off the dogs who had chased him in the past. Id. at ¶ 3. While sitting, Plaintiff was approached by Belmont Police Officer Pelrine, who told him to leave the park. Id. Plaintiff refused, and Officer Pelrine ordered Plaintiff to "walk." Id. Plaintiff responded that he was tired and again refused to leave. Id.; Pl's Dep. 52:1-8 [#27-1]. At some point during the conversation, Officer Pelrine ordered Plaintiff to drop the stick, and Plaintiff refused to comply. Pl's Dep. 52:12-14 [#27-1].

---

[1] Local Rule 56.1 requires that summary judgment motions be supported by "a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation." The rule provides further that "[f]ailure to include such a statement constitutes grounds for denial of the motion."

Shortly thereafter, Officer Matthew Benoit arrived, followed a few minutes later by Sergeant Hurley. Id. at 52:15-53:11. Officer Benoit told Plaintiff, who was at that point standing next to the bench, that he was going to handcuff Plaintiff. Id. at 57:17-24. Plaintiff then dropped the stick, and Officer Benoit approached to put on the handcuffs. Id. at 57:24-58:2. While holding Plaintiff's hands behind his back, Officer Benoit punched Plaintiff in the stomach, tightly fastened the handcuffs, and guided Plaintiff to Officer Pelrine's police cruiser. Id. at 58:7-10, 60:11-12; Pl's Interrogs. ¶ 3 [#32-1]. On the way to the cruiser, Plaintiff told Sergeant Hurley that what the officers were doing to him was illegal. Pl's Dep. 59:22-60:2 [#27-1].

On the way to the Belmont police station, Plaintiff had trouble breathing and pleaded for more ventilation in the cruiser, but the officers ignored him. Id. at 61:1-3; Pl's Interrogs. ¶ 3 [#32-1]. At the police station, Plaintiff was cooperative while he was booked by Sergeant Mailhot, but he told Officer Pelrine that he believed he was being falsely arrested. Pl's Dep. 62:22-63-3 [#27-1]. Plaintiff was placed in a jail cell for several hours, was eventually fingerprinted, and was brought to Cambridge District Court. Pl's Interrogs. ¶ 3 [#32-1]. On the recommendation of the probation department, the court dismissed the charges of disorderly conduct and disturbing the peace after Plaintiff paid one-hundred dollars in court costs. Id. Plaintiff suffered pain when Officer Benoit punched him and from the tightness of the handcuffs, as well as emotional distress due to humiliation and embarrassment. Id. at ¶ 4. He did not suffer any injuries or distress that rendered him "unable to perform" any of his normal and usual functions, nor did he seek medical care as a result of the incident. Pl's Interrogs. ¶¶ 5-7 [#32-1].

### III.   Standard of Review

Under Rule 56, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party . . . [and] [a] fact is material if it has the potential of determining the outcome of the litigation." Baker v. St. Paul Travelers, Inc., 670 F.3d 119, 125 (1st Cir. 2012) (internal citation omitted). When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). The moving party is responsible for identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a disputed material fact, the burden shifts to the non-moving party to set forth "specific facts showing there is a genuine issue for trial." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986).

## IV. Discussion

### A. *42 U.S.C. § 1983*

Plaintiff alleges that Officer Benoit's actions while arresting Plaintiff violated his Fourth Amendment right to be free from excessive force and unreasonable seizure. Defendants assert a defense of qualified immunity. Def's Mem. in Support of Mot. for Summary Judgment ("Defs' Mem.") 8-10 [#27].

When a public official asserts a qualified immunity defense, courts engage in a two-part inquiry, asking (1) whether the facts alleged by the plaintiff make out a violation of a constitutionally protected right, and (2) whether, at the time of the defendant's alleged violation, the right at issue was clearly established such that a reasonable officer would have known that his or her conduct violated that right. See Morelli v. Webster, 552 F.3d 12, 18 (1st Cir. 2009).

Under the first prong, courts consider whether the "plaintiff [can] show that the defendant employed force that was unreasonable under all the circumstances." Gray v. Cummings, 917 F.3d 1, 8 (1st Cir. 2019) (quoting Morelli, 552 F.3d at 18). Reasonableness is determined based on the "facts and circumstances confronting" the officer at the time of the arrest, without regard to their intent or motivation. Napier v. Town of Windham, 187 F.3d 177, 182-83 (1st Cir. 1999) (citing Graham v. Connor, 490 U.S. 386, 397 (1989)). In making this assessment, courts often apply a non-exhaustive list of factors, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. See Raiche v. Pietroski, 623 F.3d 30, 36 (1st Cir. 2010) (quoting in part Graham, 490 U.S. at 396) (internal quotation marks omitted). Under the second prong, while there need not be a case directly on point when "the unlawfulness of the officer's conduct is sufficiently clear," Dist. of Columbia v. Wesby, 138 S. Ct. 577, 590 (2018), "existing precedent must have placed the statutory or constitutional question beyond debate," White v. Pauly, 137 S. Ct. 548, 552 (2017) (quoting Mullenix v. Luna, 136 S. Ct. 305, 308 (2015). "In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law." Id. (internal quotation marks and citation omitted).

Defendants contend that Plaintiff's "sole allegation of excessive force is a punch to the stomach during a period of time when he may or may not have been holding a stick in his hands" ant that "Benoit den[ies] any physical altercation whatsoever." Defs' Mem. 8-10 [#27]. They argue that the court must determine whether, on the date of the incident, "Plaintiff had a clearly established right not to be taken down to the ground given the circumstances" and further assert that Benoit merely "utilize[d] force on a noncompliant individual in uncertain circumstances."

5

Defs' Mem. 9 [#27] (quoting <u>Asociación de Periodistas de P.R. v. Mueller</u>, 680 F.3d 70, 83-84 (1st Cir. 2012)).

But the only evidence before the court is Plaintiff's own recounting of the events of October 15, 2015, where he contends he is a 68-year old man who was sitting on a park bench when he was approached by officers. He concedes that he did not immediately comply with orders to leave the park and to drop a small stick. However, Plaintiff was not suspected of committing a serious crime or fleeing the scene, and he states that he was no longer holding the stick and was already handcuffed when Officer Benoit punched him in the stomach while arresting him. A reasonable jury presented with the evidence offered at summary judgment (which included no alternative version of these events) could find that this conduct was clearly excessive in carrying out Plaintiff's arrest and therefore unreasonable under all circumstances, in violation of Plaintiff's Fourth Amendment rights.

In addition, punching an arrestee without any rationale violates a clearly established right, which a reasonable officer in Officer Benoit's shoes would have known at the time of the incident. Although Plaintiff does not point the court to a specific case, the right to be free from gratuitous, excessive force during an arrest was clearly established in our case law, and a reasonable officer would have known that needlessly punching Plaintiff was a violation of his rights in 2015. <u>See e.g.</u>, <u>Alexis v. McDonald's Restaurants of Massachusetts, Inc.</u>, 67 F.3d 341, 353 (1st Cir. 1995) (collecting cases in which force used to arrest was excessive given minor nature of crime).

Defendants may present their theory of the case, with supporting evidence, to the jury; however, on a motion for summary judgment, the court must consider the evidence in the summary judgment record. Here, where Defendants have chosen to submit only Plaintiff's own

6

description of the incident—wherein Plaintiff states (1) that he was no longer holding a stick at the time that Officer Benoit punched him and (2) that Officer Benoit punched him without provocation—a reasonable jury could find that Officer Benoit violated Plaintiff's constitutional rights and that Officer Benoit is not entitled to qualified immunity. Summary judgment is accordingly DENIED.

      B.    *Intentional Infliction of Emotional Distress*

Plaintiff also asserts that Officer Benoit's actions amounted to an intentional infliction of emotional distress. To sustain such a claim, there must be sufficient evidence for a jury to find (1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the conduct was extreme and outrageous; (3) that the conduct caused emotional distress; and (4) that the emotional distress was severe. Polay v. McMahon, 468 Mass. 379, 386 (2014).

Defendants argue that the court should grant summary judgment on this claim because "Plaintiff is unable to prove this tort against Benoit and thus it should be dismissed, as they had consent to enter the home and consent to take Plaintiff for mental evaluation." Defs' Mem. 8 [#27]. The argument has no connection to the facts of this case and appears to have been copied and pasted from a different brief.

While Defendants may have had meritorious grounds to seek judgment on this claim, none were presented to the court. Where Plaintiff claims to have experienced severe emotional distress as a result of Officer Benoit's conduct, see Pl's Interrogs. 4 [#32-1], and where Defendants have failed either to adduce any evidence to the contrary or to present a coherent argument in support of summary judgment, Defendants have failed to meet their burden. Summary judgment is accordingly DENIED.

## V.   Conclusion

Defendants' Motion for Summary Judgment [#26] is GRANTED in part as unopposed, and judgment is entered for Defendants on Counts I, II, IV, V, and VI. Defendants' motion is DENIED as to Plaintiff's claims of excessive force under 42 U.S.C. § 1983 (Count III) and intentional infliction of emotional distress (Count VII).

IT IS SO ORDERED.

November 10, 2020                                             /s/ Indira Talwani
                                                              United States District Judge